STUART F. DELERY
Acting Assistant Attorney General
MAAME EWUSI-MENSAH FRIMPONG
Deputy Assistant Attorney General
Civil Division
U.S. Department of Justice
MICHAEL S. BLUME, Director
Consumer Protection Branch
MARK JOSEPHS, Assistant Director
Consumer Protection Branch
DANIEL K. CRANE-HIRSCH
SONDRA L. MILLS, California Bar No. 90723
Trial Attorneys, Consumer Protection Branch
U.S. Department of Justice
     PO Box 386
     Washington, DC  20044-0386
     (202) 616-8242 (phone)
     (202) 514-8742 (fax)
daniel.crane-hirsch@usdoj.gov
sondra.mills@usdoj.gov
Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | Case No. 8:11-cv-01777-AG-JPR |
| Plaintiff, | STIPULATED PROTECTIVE ORDER AS TO CONFIDENTIAL CONSUMER INFORMATION |
| vs. | |
| SONKEI COMMUNICATIONS, INC., *et al.*, | |
| Defendants. | |

_____

Stipulated Protective Order as to Confidential Consumer Information - 1

The additional counsel presenting this document to the Court are:

MARK F. SULLIVAN, State Bar No. 111011
GEORGE P. GALBRAITH, State Bar No. 243030
SULLIVAN TAKETA LLP
    2629 Townsgate Road, Suite 250
    Westlake Village, CA  91361-3755
    Telephone: (818) 889-2299
    Facsimile: (818) 889-4497
mark.sullivan@calawcounsel.com
george.galbraith@calawcounsel.com
Attorneys for Defendants Peter J. Turpel and Sonkei Communications, Inc.

F. ANTONE ACCUARDI, OSB 974613
    2331 S.W. 5th Ave, 2nd Floor
    Portland, OR  97201
    (503) 223-7747
    fax (503) 223-7776
Interlaw@justice.com

MARITZA B. LEON, State Bar No. 213752
    130 W. Route 66 Ste. 222
    Glendora, CA  91740
    (626) 733-2847
    (626) 969-3296
leonfamilyla@yahoo.com
Attorneys for Defendants Joseph Turpel and Sonkie One

      The Court, having considered the Parties' Second Stipulation for Entry of

Stipulated Protective Order as to Confidential Consumer Information, and for good

cause shown, HEREBY ORDERS that:

1.         This Protective Order governs the handling of confidential consumer

    information contained in documents, statements, depositions and deposition

exhibits, interrogatory answers, responses to requests to admit and other written, recorded or graphic matter whenever created, served or produced which is served or produced by or obtained from any party, or any non-party who agrees to be bound by this Protective Order (said party or non-party hereinafter referred to as "the producing or serving party").

2.     The following definitions shall apply to this Protective Order:

a.  "Parties" shall mean and refer to the parties to this case.

b.  "Designating Party" shall mean the person that designates information as Confidential Consumer Information under this Protective Order.

c.  "Confidential Consumer Information" shall mean identifying information relating to any individual consumer, including the consumer's name, financial or credit information, address, telephone number, social security number, driver's license number or other state identification number, and sensitive health-related data.

d.  "Qualified Person(s)" shall mean and refer to:

(1)    Outside or inside counsel that have appeared for a party and regular and temporary employees of such counsel assisting in the conduct of such case, including employees of any firm

retained to reproduce the Confidential Consumer Information for use in accordance with this Protective Order;

(2)   Experts or consultants (together with their clerical staff) assisting counsel in this litigation;

(3)   Employees of any party to this action whose assistance, in the opinion of counsel for that party, is reasonably necessary in the conduct of this action;

(4)   Employees and contractors of the United States Department of Justice and the Federal Trade Commission;

(5)   Directors, officers, and employees of parties who are noticed for depositions or designated as trial witnesses and other persons who counsel for a party in good faith believes may be fact or expert witnesses either at deposition or at trial to the extent deemed necessary by counsel for the witnesses' preparation for testimony;

(6)   Deponents, and their counsel, during the course of depositions taken in this action, and court reporters and persons preparing transcripts of depositions;

(7)   The Court and Court personnel;

Stipulated Protective Order as to Confidential Consumer Information - 4

(8)     Any person, pursuant to a stipulation by the Designating Party; and

(9)     Other persons only upon order of the Court.

3.     GOOD CAUSE STATEMENT:

Pursuant to Fed. R. Civ. P. 26(c)(1), the Court finds that there is good cause to enter this Protective Order.  It is undisputed that records and information compiled by the Federal Trade Commission for law-enforcement purposes, including consumer complaints concerning Telemarketing Sales Rule and other violations, is nonpublic information for many purposes.  16 C.F.R. § 4.10(a)(5) (Section 4.10 promulgated January 18, 1973 and subsequently amended).  It is further undisputed that the  National Do Not Call Registry is designated as a protected "system of records" under the Privacy Act, 5 U.S.C. § 552a, because it includes information about individuals, including "[t]elephone numbers of individuals who do not wish to receive telemarketing calls."  Final Notice of New Privacy Act System of Records, 68 Fed. Reg. 37494, 37496 (June 24, 2003); *see also* Notice of Revised System Notices, 73 Fed. Reg. 33592, 33624 (June 12, 2008).

The United States represents to the Court that almost all of the complaints that it receives about telemarketing violations (whether of calls to

Stipulated Protective Order as to Confidential Consumer Information - 5

phone numbers registered on the DNC Registry or of other violations) are received through or are stored in the Consumer Sentinel database.  This database is part of the Consumer Information System, maintained and operated by the Federal Trade Commission.  The CIS is likewise a designated "system of records" subject to protection under the Privacy Act, because consumer complaints and other submissions also include confidential personally-identifying information about individuals.  Notice of Revised System Notices, 73 Fed. Reg. at 33621 (Consumer Information System).

The United States asserts that federal agencies cannot disclose records contained in a "system of records" absent written permission from the individual to whom the record pertains, unless one of twelve specific statutory exceptions applies.  5 U.S.C. § 552a(b).  One exception that allows an agency to disclose records contained in a "system of records" is "the order of a court of competent jurisdiction."  5 U.S.C. § 552a(b)(11).  Accordingly, an appropriate order from this Court would authorize the United States to disclose record information from the National DNC Registry and from the Consumer Information System to the defendants in discovery.

The Court finds that it  is appropriate to enter an an order limiting dissemination of such personally-identifiable  information to that which is

reasonably necessary to proceed with discovery and litigation in the above captioned case.. *See, e.g.*, Fed. R. Civ. P. 5.2 (restricting kinds and amount of identifying information that can be publicly filed in civil cases); Fed. R. Crim. P. 49.1 (same, for criminal cases); Local Rule 79-5.4 (same, for proceedings in this District).

4.        By designating information as Confidential Consumer Information under this Protective Order, the attorney for a Designating Party (or the Designating Party personally, if unrepresented) certifies to the Court within the meaning of Fed. R. Civ. P. 26(g)(1) that there is a good faith basis for the designation, both in law and fact and based upon careful determination.  Material is not to be designated Consumer Confidential Information as a matter of course.  Information that a Designating Party knows or reasonably should know is, or is derived from, public records, is not confidential and may not be designated as confidential.  Portions of documents produced or served in paper, PDF, or TIFF format which contain Confidential Consumer Information shall be so designated on a page-by-page basis, or passage-by-passage basis where the Confidential Consumer Information is reasonably segregable on a given page, by the Designating Party's stamping "CCI" on Confidential Consumer Information pages or adjacent to the Confidential Consumer Information passages.  A Designating Party shall produce or serve in

Stipulated Protective Order as to Confidential Consumer Information - 7

two versions other discovery responses (such as responses to interrogatories and requests for admission) that it serves in paper, PDF, or TIFF format, and that the Designating Party in good faith believes constitute or include Confidential Consumer Information:  One non-confidential version that redacts or omits Confidential Consumer Information with "CCI" legends or other indications to show each location where material has been redacted or omitted on grounds of consumer confidentiality; and a second Confidential Consumer Information version, prominently marked on the first page with "Contains Confidential Consumer Information—Subject to Protective Order" or a similar marking, that designates each confidential passage with "CCI" and that also includes all non-confidential material.

5.       Documents produced or served in native electronic formats (such as Word and Excel) that the Designating Party in good faith believes constitute or include Confidential Consumer Information may be designated as being or including Confidential Consumer Information by including the word "Confidential" in the document's file name and/or by preserving its confidentiality in accordance with any Electronically Stored Information Agreement the parties may enter.  To the extent reasonably feasible, the Designating Party shall describe

or explain which parts of such native-electronic-format documents constitute or include Confidential Consumer Information.

a.     Any electronic distributions of Confidential Consumer Information that was produced or served in native electronic format shall maintain the word "Confidential" in the file name.

b.     Any person subject to this Protective Order who copies or prints to other documents or formats any Confidential Consumer Information that was produced or served in native electronic format shall prominently stamp or write "CCI" on each page or, where reasonably segregable, on each passage, that contains Confidential Consumer Information; shall prominently mark the first page with "Contains Confidential Consumer Information—Subject to Protective Order" or a similar marking; and if the new document is an electronic file, shall include the word "Confidential" in its file name.

6.     Portions of deposition testimony that a Designating Party in good faith believes constitute or include Confidential Consumer Information shall be designated as such by the Designating Party's making a statement to that effect on the record at the deposition or within five (5) days after the deposition transcript is first made available to the Designating Party.  Arrangements shall be made with the court reporter taking and transcribing such testimony to separately bind such

Stipulated Protective Order as to Confidential Consumer Information - 9

portions of the transcript containing material designated as Confidential Consumer Information, and to label such portions appropriately as "CONFIDENTIAL CONSUMER INFORMATION" or "CCI" and subject to this Protective Order.

7.       Information designated as Consumer Confidential Information under this Protective Order, whose designation has not been overturned by the Court or abandoned by the Designating Party under Paragraph 13, shall be used only for settlement negotiations, recommendation memoranda, or the prosecution and/or defense of this litigation between the parties (including the conduct of formal or informal discovery in this litigation between the parties) and under no circumstances, other than those specifically provided for in this or subsequent court orders, shall such material be disclosed to persons other than Qualified Persons.  Attorneys for Defendants and investigators working under the supervision of such attorneys may use Confidential Consumer Information to identify witnesses for informal discovery, including contacting, interviewing and obtaining written statements from the persons so identified.  In any such contact or interview, the attorney or investigator: (1) will offer to provide the person so contacted  with a copy of this order, (2) clearly identify himself or herself, giving his or her firm's full name and contact information, (3) advise the person so contacted that the attorney or investigator is representing a party in this litigation,

and (4) advise the person so contacted of the existence of this order and the fact that any information disclosed to the attorney or investigator will not be publicized but will solely be used in this litigation.  Information designated as Consumer Confidential Information under this Protective Order, whose designation has not been overturned by the Court or abandoned by the Designating Party under Paragraph 13, may be shown to persons so contacted in informal discovery only if it is directly relevant to matters likely to be known by that person and only if the attorney or investigator conducting such interview has obtained from the interviewee an executed copy of Exhibit A attached hereto (unless the interviewee was the source of the Consumer Confidential Information, in which case the interviewee is not required to execute Exhibit A).  The attorney or investigator making any such disclosure will, in addition, make and retain a contemporaneous memorandum stating the specific information disclosed and the reason(s) such disclosure was believed to be necessary to obtain relevant discovery.

8.      Information designated as Consumer Confidential Information under this Protective Order, whose designation has not been overturned by the Court or abandoned by the Designating Party under Paragraph 13, may be shown to consultants and experts retained for the purpose of assisting in the preparation of this litigation between the parties only after an attorney for the party employing

Stipulated Protective Order as to Confidential Consumer Information - 11

such consultant or expert has obtained from him or her an executed copy of Exhibit A attached hereto.

9.        Information designated as Consumer Confidential Information under this Protective Order, whose designation has not been overturned by the Court or abandoned by the Designating Party under Paragraph 13, may be disclosed to a defendant or defendant's employee only for the purposes of this litigation between the parties and for no other purpose, and shall not be used by him or her in any business affairs of his or her employer or in his or her own affairs or be imparted by him or her to any other person.  Before such disclosure is made to such employee, that employee shall sign and deliver to his or her employer's counsel a copy of Exhibit A attached hereto.

10.       Each person given access to information designated as or derived from Consumer Confidential Information under this Protective Order, whose designation has not been overturned by the Court or abandoned by the Designating Party under Paragraph 13, shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant to its terms.

11.       Except as provided in this paragraph, nothing in this Protective Order shall be construed to restrict or limit the ability of any party to use any information

designated as or derived from Consumer Confidential Information under this Protective Order, whose designation has not been overturned by the Court or abandoned by the Designating Party under Paragraph 13, in any filing or submission to this Court. Any person may publicly file a document or a deposition transcript marked or identified as "CCI," so long as all "CCI"-designated portions are redacted in the publicly-filed version of the document or transcript. Any party may apply for leave to file under seal an unredacted copy of a "CCI"-designated document or deposition transcript. The parties must comply with Local Rule 79-5.1 when seeking to file documents under seal.

12.     When any information designated as Confidential Consumer Information under this Protective Order, whose designation has not been overturned by the Court or abandoned by the Designating Party under Paragraph 13, is presented, quoted or referenced in any deposition, hearing or other proceeding, the attorneys for the parties shall make arrangements to insure that only Qualified Persons are present during such presentation, quotation, or reference. In accord with Paragraph 20 below, the application of this paragraph is limited to pretrial non-courtroom proceedings.

13.     Procedure for challenging Confidential Consumer Information designations

a. Any party (the "Requesting Party") may at any time request the Designating Party to release any Confidential Consumer Information designations made under this Protective Order.  Pursuant to Local Rule 37-1 (C.D. Cal. 2010), the request shall (1) be in writing, (2) identify each issue and/or Confidential Consumer Information Confidentiality designation in dispute, (3) state briefly with respect to each such issue or Confidential Consumer Information designation the Requesting Party's position (and provide any legal authority that the Requesting Party believes is dispositive of the dispute as to that issue or Confidential Consumer Information designation), and (4) specify the terms of the discovery order to be sought.  With respect to requirement (3), it shall be sufficient for the Requesting Party to state that it puts the Designating Party to its burden of persuasion.

b. Pursuant to Local Rule 37-1, unless relieved by written order of the Court upon good cause shown, counsel for the Designating Party shall confer with counsel for the Requesting Party within ten (10) days of the Requesting Party's written request.  Because the Designating Party bears the burden of persuasion, it shall be the moving party.

c. If the parties cannot reach agreement, the Designating Party must move the Court to issue a protective order retaining its Consumer Confidential

Stipulated Protective Order as to Confidential Consumer Information - 14

designations (or seeking other appropriate relief) if it wishes to retain those designations.

i.   The Requesting and Designating Parties shall cooperate in formulating and preparing the joint stipulation pursuant to Local Rule 37-2.2, and shall comply with the remaining requirements of Local Rules 37-2, 37-3, and 37-4.

ii.  Unless the parties agree on a longer time, the Designating Party shall, within ten (10) days of the conference, serve its portion of the Local Rule 37-2.2 joint stipulation and accompanying declarations and exhibits upon counsel for the Requesting Party, in accord with the requirements of Local Rule 37-2.2.  If the Designating Party does not do so, it shall be deemed to have abandoned the challenged Consumer Confidential Information designations, and the designated material shall no longer be protected under this Protective Order.

iii.     Unless the parties agree on a longer time, counsel for the Requesting Party shall serve on counsel for the Designating Party the Requesting Party's portion of the stipulation, together with accompanying declarations and exhibits, in accord with Local Rule 37-2.2, within seven (7) days of receipt of the Designating Party's papers.  If counsel for the Requesting Party does not do so, the Requesting Party

Stipulated Protective Order as to Confidential Consumer Information - 15

shall be deemed to have abandoned its challenge and the Designating Party shall not be required to take further action to retain the challenged Consumer Confidential designations.

iv. Unless the parties agree on a longer time, counsel for the Designating Party shall add the Requesting Party's papers to the stipulation and provide the stipulation to counsel for the Requesting Party for signature in accord with Local Rule 37-2.2, within five (5) days of receipt of the Requesting Party's papers.  If counsel for the Designating Party does not do so, the Designating Party shall be deemed to have abandoned the challenged Consumer Confidential Information designations, and the designated material shall no longer be protected under this Protective Order.

v. Unless the parties agree on a longer time, counsel for the Requesting Party shall sign (electronically or otherwise) and return the stipulation to counsel for the Designating Party by the end of the next business day in accord with Local Rule 37-2.2.  If counsel for the Requesting Party does not do so, the Requesting Party shall be deemed to have abandoned its challenge and the Designating Party shall not be required to take further action to retain the challenged Consumer Confidential designations.

Stipulated Protective Order as to Confidential Consumer Information - 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

vi. Unless the parties agree on a longer time, the Designating Party shall file its motion for protective order (or seeking other appropriate relief) within seven (7) days after receipt of the signed stipulation from counsel for the Requesting Party.  If the Designating Party does not do so, it shall be deemed to have abandoned the challenged Consumer Confidential Information designations, and the designated material shall no longer be protected under this Protective Order.

vii.      The Designating Party shall bear the burden of persuasion on its motion for a protective order retaining its Consumer Confidential designations (or seeking other appropriate relief).

viii.      With its motion, the Designating Party shall submit to the Court for filing under seal the information or document whose treatment is disputed (or, if the material is voluminous, an appropriate subset).  In accord with the requirements of Local Rule 79-5.1, the Designating Party shall present a written application and a proposed order to the judge along with the information or document submitted for filing under seal. The Designating Party's proposed order shall address both its underlying motion for protective order (or other appropriate relief) and its application for under-seal filing (and in accord with Local rule 79-5.1,

Stipulated Protective Order as to Confidential Consumer Information - 17

the proposed order shall also, if appropriate, address whether the application and proposed order themselves should be sealed).

ix. The terms of this Protective Order shall continue to apply to the information or documents that are the subject of the motion until the Court rules.

14.     Entering into, agreeing to and/or producing, serving or receiving materials or otherwise complying with the terms of this Protective Order shall not:

a.  Operate as an admission by any party that any particular material contains or reflects any confidential matter; or

b.  Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery; or

c.  Prejudice in any way the rights of a party to seek a court determination whether particular material should be produced; or

d.  Prejudice in any way the rights of a party to apply to the Court for a further protective order relating to any confidential information.

15.     This Protective Order has no effect upon, and its scope shall not extend to, any party's use of (a) material obtained by such party independent of discovery in this action, even if the same material is also designated as CCI pursuant to this Protective Order, or (b) the party's own confidential information.

Stipulated Protective Order as to Confidential Consumer Information - 18

16.        Nothing in this Protective Order shall be construed to affect the admissibility, *vel non*, of any document, material or information at any trial or hearing.

17.        Nothing in this Protective Order shall be construed to prohibit the United States or the  Federal Trade Commission from disclosing Confidential Consumer Information subject to the Order to any law enforcement agency in accordance with 16 C.F.R. §  4.11(c) as long as such information remains confidential as required by federal regulations and is used solely for law enforcement purposes.

18.        Other than as set out in Paragraph 4, nothing in this Protective Order shall be construed as authorizing any person to redact any document before producing or serving it in discovery.

19.        Nothing in this Protective Order is intended or should be construed as authorizing a party to disobey a lawful subpoena issued in another action.

20.        The Court declines to issue any order relating to use of information in a court proceeding.  The parties may take up that issue with the judicial officer at the time of the hearing or trial.

21.        The United States, on behalf of the Federal Trade Commission, is hereby authorized under the Privacy Act, 5 U.S.C. § 552a(b)(11), to produce otherwise-

protected information from the National Do Not Call Registry System and the

Consumer Information System.  *See* Final Notice of New Privacy Act System of

Records, 68 Fed. Reg. 37494 (June 24, 2003) (National Do Not Call Registry

System); Notice of Revised System Notices, 73 Fed. Reg. 33592, 33624 (June 12,

2008) (same); *id.* at 33621 (Consumer Information System).  This authorization

does not *mandate* disclosure of any information; and, other than removing the

Privacy Act's barrier to disclosure, shall not be construed to affect the

discoverability of any information.

22.        If a producing party inadvertently produces or provides discovery of any

confidential or confidential consumer materials without designating them under

this Protective Order, it shall promptly serve written notice to the receiving party

or parties that the materials are Confidential Consumer Information and should be

treated in accordance with this Protective Order.  The producing party shall

promptly produce replacement copies bearing appropriate designations.  The

receiving party or parties shall treat such materials as Confidential Consumer

Information from the date such notice is received.  If a receiving party disclosed

such materials prior to receipt of such notice, those persons to whom disclosure

was made are to be advised that the material disclosed is Confidential Consumer

Information and must be treated in accordance with this Protective Order.  If the

persons are not Qualified Persons under this Protective Order, the disclosing party shall notify counsel for the Designating Party of the disclosure and make every effort to prevent further disclosure, including attempting to retrieve all copies of the confidential materials from the recipient(s) thereof, and attempting to secure the agreement of the recipient(s) not to further disseminate the confidential materials in any form.

23.     Accidental or inadvertent disclosure

a.  In the case of any accidental or inadvertent disclosure of Confidential Consumer Information or any other disclosure not in accordance with this Protective Order, counsel for the party responsible for the disclosure shall promptly notify counsel for the Designating Party of the disclosure and make every effort to prevent further disclosure, including attempting to retrieve all copies of the confidential materials from the recipient(s) thereof, and attempting to secure the agreement of the recipient(s) not to further disseminate the confidential materials in any form.

b.  If Consumer Confidential information is disclosed other than in accordance with this Order, the United States (acting through the Department of Justice or Federal Trade Commission) shall notify affected consumers if it determines in its sole discretion that such consumer notification is

appropriate under the circumstances.  Such notification shall be at the expense of the party responsible for the disclosure.  Any dispute concerning the United States' exercise of discretion following the release of information allegedly subject to the protective order must be filed in accordance with Local Rules 37.1 and 37.2.

    c.  The parties' obligations under this paragraph do not relieve them of any other obligations that arise if personal information is subject to a breach of security or unauthorized release or disclosure (including but not limited to Cal. Civ. Code §§ 1798.80 - 1798.82).

24.    This Protective Order shall survive the final termination of this action, to the extent that information designated as Confidential Consumer Information does not become known to the public.  The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case and the return of the mandate from any appeals, counsel for the parties shall assemble and return to each other all documents and material designated as Confidential Consumer Information under this Protective Order or shall certify the destruction thereof, unless such documents and materials are necessary for an ongoing law enforcement purpose.  Notwithstanding this provision, counsel for parties may keep in their litigation files one hard copy and one electronic copy of

any material designated as Consumer Confidentiality Information under this Order, provided that such material is stored in a manner so as to preserve its confidentiality.

25.      The Court may enter such other and further relief as it deems appropriate, and this Protective Order is without prejudice to the right of any party to apply for such relief.

IT IS SO ORDERED.

Dated: <u>August 24, 2012</u>

_____
Jean P. Rosenbluth
United States Magistrate Judge

EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THE UNITED STATES OF AMERICA,        )   Case No. 8:11-cv-01777-AG-JPR
                                     )
                 Plaintiff,          )   ACKNOWLDGEMENT OF
                                     )   PROTECTIVE ORDER AS TO
        vs.                          )   CONFIDENTIAL CONSUMER
                                     )   INFORMATION
SONKEI COMMUNICATIONS, INC., *et*    )
*al.*,                               )
                                     )
                 Defendants.         )
_____

    I have read the Protective Order entered in the above-captioned case on [*fill in date Court entered the Protective Order*] and I agree to be bound by the terms of that Protective Order.


Date: _____            By: _____