1  STUART F. DELERY
   Assistant Attorney General
2  MAAME EWUSI-MENSAH FRIMPONG
   Deputy Assistant Attorney General
3  Civil Division
   U.S. Department of Justice
4  MICHAEL S. BLUME, Director
   Consumer Protection Branch
5  DANIEL K. CRANE-HIRSCH
   SONDRA L. MILLS, California Bar No. 90723
6  Trial Attorneys, Consumer Protection Branch
   U.S. Department of Justice
7       PO Box 386
        Washington, DC  20044-0386
8       (202) 616-8242 (phone)
        (202) 514-8742 (fax)
9  *daniel.crane-hirsch@usdoj.gov*
   *sondra.mills@usdoj.gov*
10 Attorneys for Plaintiff United States of America

11 [Additional counsel are listed on page 2]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SONKEI COMMUNICATIONS, INC., *et al.*,<br><br>Defendants. | Case No. 8:11-cv-01777-JGB (JPRx)<br><br>PARTIES' TENTH JOINT STATUS REPORT<br><br>Hon. Jesus G. Bernal<br><br><u>Discovery Fact Cut-Off</u>: Stayed<br><u>Final Pretrial Conference</u>: Stayed<br><u>Jury Trial</u>: Stayed |
|---|---|

Parties' Tenth Joint Status Report - 1

1 | The additional counsel presenting this document to the Court are:

2 | MARK F. SULLIVAN, State Bar No. 111011
GEORGE P. GALBRAITH, State Bar No. 243030
3 | SULLIVAN TAKETA LLP
    2629 Townsgate Road, Suite 250
4 |     Westlake Village, CA  91361-3755
    Telephone: (818) 889-2299
5 |     Facsimile: (818) 889-4497
*mark.sullivan@calawcounsel.com*
6 | *george.galbraith@calawcounsel.com*
Attorneys for Former Defendants Peter J. Turpel and Sonkei Communications,
7 | Inc.

8 | F. ANTONE ACCUARDI, OSB 974613
    2331 S.W. 5th Ave, 2nd Floor
9 |     Portland, OR  97201
    (503) 223-7747
10 |     fax (503) 223-7776
*Interlaw@justice.com*
11 |
MARITZA B. LEON, State Bar No. 213752
12 |     130 W. Route 66 Ste. 222
    Glendora, CA  91740
13 |     (626) 733-2847
    (626) 969-3296
14 | *leonfamilyla@yahoo.com*
Attorneys for Defendants Joseph Turpel and Sonkie One
15 |
Stanton T. Mathews, State Bar No. 99058
16 |     Stanton T. Mathews & Associates
    24012 Calle DeLa Plata #320
17 |     Laguna Hills, CA  92653
    (949) 586-2235
18 | *mathews@mathewsfirm.com*
Specially representing Defendants Joseph Turpel and Sonkie One for purposes of
19 | negotiation and not litigation

20 |

21 |
Parties' Tenth Joint Status Report - 2

# PARTIES' TENTH JOINT STATUS REPORT

Plaintiff the United States of America, former Defendants Sonkei Communications, Inc. and Peter J. Turpel, and current Defendants Joseph Turpel and Sonkie One, appearing through their respective counsel, hereby stipulate and agree as follows:

### Former Defendants Peter J. Turpel and Sonkie Communications, Inc.

1. As previously reported, these defendants have been voluntarily dismissed with prejudice. They are no longer parties to the case. Their counsel has executed this report to advise the Court that they have no intent to re-open the negotiations that led to their being dismissed.

### Defendants Joseph Turpel and Sonkie One

2. On August 12, 2013, Defendant Joseph Turpel (and Mr. Mathews as his counsel) signed a Revised (Proposed) Consent Order, proposed by the United States on July 29, 2013. Mr. Accuardi, also representing Mr. Turpel, likewise signed the Revised (Proposed) Consent Order, on August 15, 2013.

3. The Revised (Proposed) Consent Decree includes lifetime bans on robocalling and telemarketing, and on facilitating and assisting robocallers and telemarketers. In its July 29, 2013, cover letter transmitting the (Proposed) Consent Order, the United States advised that it had recently learned that Mr. Turpel had been continuing to assist telemarketers in the same ways that led the

United States to file this suit for injunctive relief (and that would be prohibited by Mr. Turpel's contemplated lifetime bans on facilitating and assisting robocalling and telemarketing). The United States therefore explained that to avert a preliminary-injunction motion, Mr. Turpel would need to sign and return the July 29 Revised (Proposed) Consent Order; and also provide a detailed affidavit explaining what, specifically, he has done to stop facilitating and assisting robocalling and telemarketing.

4. As previously reported, after various delays and the government's 18-day shutdown, the United States sent Mr. Turpel, through Mr. Mathews as his counsel, a further draft of Mr. Turpel's affidavit on November 7, 2013; the draft highlighted several items that would need to be filled in. Parties' 9th Jt. Status Rpt. at 4-5, ¶ 6 (ECF No. 56). The United States' cover email asked Mr. Mathews, once he had the additional information, to fill in the relevant items and send the draft back so counsel for the United States could run their eyes over it before Mr. Mathews finalized the affidavit for Mr. Turpel's signature.

5. Also as previously reported, Mr. Turpel advised Mr. Mathews on November 21, 2013, that he had been in the hospital and did not know when he would be able to review the draft declaration. *Id.* at 5, ¶ 7.

6. During the week of December 9, 2013, Mr. Turpel worked to fill in the information that the draft declaration highlighted was still needed. His edits

did not get sent to counsel for the United States, so they were unable to run their eyes over the declaration before it was finalized for Mr. Turpel's signature.

7. On December 12, 2013, Mr. Turpel signed the draft declaration as he had edited it. It did not address one of the United States' requests for clarification; and although Mr. Turpel signed the document, he did not date it. (He left the day of the month blank; and left unchanged a mistaken reference to September, 2013, in the date line.)

8. Mr. Turpel then sent the signed, although undated, declaration to Mr. Mathews, who forwarded it on to counsel for the United States later in the day on December 12, 2013. At midday December 13, 2013, counsel for the United States responded, saying the United States should be able to get back promptly with a (short) list of nits; and explained the problems found so far, such as the absence of a date. On December 17, 2013, counsel for the United States wrote again, saying there were no further issues, and enclosed a finalized version of the declaration, ready for Mr. Turpel to review, sign, and date.

9. Later the same day, December 17, 2013, Mr. Mathews sent the finalized declaration to Mr. Turpel for him to review, sign, and date. Despite several emails and telephone messages, Mr. Mathews has not yet heard back from Mr. Turpel.

10. Mr. Mathews has every expectation that his client will sign the finalized declaration. Counsel for the United States has no reason to believe otherwise.

11. Once they receive the signed and dated clean version of the declaration, undersigned counsel for the United States (Crane-Hirsch and Mills), with the support of their Director (Michael S. Blume), expect the Department of Justice to recommend that the Federal Trade Commission (FTC) authorize the Revised (Proposed) Consent Decree.

12. In an earlier status report, counsel for the United States estimated that, given the steps that would be required to obtain the formal approvals necessary to file the then-contemplated (Proposed) Stipulated Judgment, including review within the Department of Justice and the FTC, 8 to 10 weeks would be required from the time that Mr. Turpel's signature was received on the then-contemplated (Proposed) Stipulated Judgment. Parties' 2d Jt. Status Rep. at 5, ¶ 7.

13. Counsel for the United States anticipate that similar time will be required to obtain the formal approvals necessary to file the now-contemplated Revised (Proposed) Consent Decree after receiving a sufficiently detailed affidavit from Mr. Turpel.

14. The parties' Eleventh Joint Status Report will be due Friday, January 17, 2014.

|   |   |   |
|---|---|---|
| 1 |  | Respectfully submitted, |
| 2 | Dated: December 20, 2013 | FOR PLAINTIFF UNITED STATES: |
| 3 |  | *Daniel K. Crane-Hirsch* |
| 4 |  | _____ |
|   |  | DANIEL K. CRANE-HIRSCH |
|   |  | SONDRA L. MILLS |
| 5 |  | Consumer Protection Branch |
|   |  | U.S. Department of Justice |
| 6 |  | Attorneys for Plaintiff United States of America |
| 7 |  |  |
| 8 | Dated: December 20, 2013 | FOR FORMER DEFENDANTS PETER J. TURPEL AND SONKEI COMMUNICATIONS, INC. |
| 9 |  |  |
| 10 |  | By: *Mark F. Sullivan* |
|   |  | MARK F. SULLIVAN |
| 11 |  | Sullivan Taketa LLP |
| 12 | Dated: December 20, 2013 | FOR DEFENDANTS JOSEPH TURPEL AND SONKIE ONE |
| 13 |  |  |
| 14 |  | *signature* |
|   |  | F. Antone Accuardi, OSB# 97461 |
| 15 |  |  |
| 16 | Dated: December 20, 2013 | SPECIALLY REPRESENTING DEFENDANTS JOSEPH TURPEL AND SONKIE ONE FOR PURPOSES OF NEGOTIATION ONLY AND NOT FOR LITIGATION |
| 17 |  |  |
| 18 |  |  |
| 19 |  | /s/ Daniel K. Crane-Hirsch by authorization for Stanton Terry Mathews |
| 20 |  | _____ |
|   |  | Stanton Terry Mathews |
| 21 |  |  |

Parties' Tenth Joint Status Report - 7