1  STUART F. DELERY
   Assistant Attorney General
2  MAAME EWUSI-MENSAH FRIMPONG
   Deputy Assistant Attorney General
3  Civil Division
   U.S. Department of Justice
4  MICHAEL S. BLUME, Director
   Consumer Protection Branch
5  DANIEL K. CRANE-HIRSCH
   SONDRA L. MILLS, California Bar No. 90723
6  Trial Attorneys, Consumer Protection Branch
   U.S. Department of Justice
7          PO Box 386
           Washington, DC  20044-0386
8          (202) 616-8242 (phone)
           (202) 514-8742 (fax)
9  daniel.crane-hirsch@usdoj.gov
   sondra.mills@usdoj.gov
10 Attorneys for Plaintiff United States of America

11 [Additional counsel are listed on page 2]

12                UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA
13

14 THE UNITED STATES OF AMERICA,      Case No. 8:11-cv-01777-JGB-
                                       JPR
                    Plaintiff,
                                       STIPULATED FINAL
15        vs.                          JUDGMENT AND ORDER FOR
                                       PERMANENT INJUNCTION
16 JOSEPH TURPEL,                      AS TO DEFENDANT JOSEPH
                                       TURPEL
17                  Defendant.

18

19

20

21          Stipulated Final Judgment and Order for Permanent Injunction
                   as to Defendant Joseph Turpel - 1

JS-6

1   The additional counsel presenting this document to the Court are:

2   F. ANTONE ACCUARDI, OSB 974613
3          2331 S.W. 5th Ave, 2nd Floor
           Portland, OR  97201
4          (503) 223-7747
           fax (503) 223-7776
5   Interlaw@justice.com

6   MARITZA B. LEON, State Bar No. 213752
           130 W. Route 66 Ste. 222
7          Glendora, CA  91740
           (626) 733-2847
           (626) 969-3296
8   leonfamilylaw@yahoo.com

9   Attorneys for Defendant Joseph Turpel

10  Stanton T. Mathews, State Bar No. 99058
11         Stanton T. Mathews & Associates
           24012 Calle DeLa Plata #320
12         Laguna Hills, CA  92653
           (949) 586-2235
    mathews@mathewsfirm.com
13  Specially representing Defendant Joseph Turpel for purposes of negotiation and
    not litigation
14

15        Plaintiff, the United States of America, acting upon notification and

16  authorization to the Attorney General by the Federal Trade Commission ("FTC"

17  or the "Commission"), has commenced this action by filing the complaint herein.

18  The United States and Defendant Joseph Turpel ("Defendant"), represented by the

19  attorneys whose names appear hereafter, have agreed to settlement of this action

20  without adjudication of any issue of fact or law herein.

21

1    **THEREFORE**, on the joint motion of the parties, it is hereby **ORDERED,**

2    **ADJUDGED AND DECREED** as follows:

3                                   <u>**FINDINGS**</u>

4        1.    This Court has jurisdiction over the subject matter and the parties

5    pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345 and 1355, and 15 U.S.C.

6    §§ 45(m)(1)(A), 53(b), 56(a), and 57b.

7        2.    Venue is proper as to Defendant in this District.

8        3.    The activities of Defendant are in or affecting commerce, as defined

9    in Section 4 of the FTC Act, 15 U.S.C. § 44.

10       4.    The complaint states a claim upon which relief may be granted

11   against Defendant under Sections 5(a), 5(m)(1)(A), 13(b) and 19 of the Federal

12   Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and

13   57b.

14       5.    Defendant has entered into this Stipulated Judgment and Order for

15   Permanent Injunction ("Order") freely and without coercion.  Defendant further

16   acknowledges that he has read the provisions of this Order and is prepared to

17   abide by them.

18       6.    Defendant agrees to entry of this Order.  Defendant does not admit or

19   deny the allegations set forth in this Complaint, except for admitting the

20   jurisdictional facts and as otherwise specifically stated in this Order.

21

7.      Defendant waives:  (a) all rights to seek judicial review or otherwise challenge or contest the validity of this Order; (b) any claim that he may have against the Commission, its employees, representatives, or agents; (c) all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996); and (d) any rights to attorneys' fees that may arise under said provision of law.  Plaintiff and Defendant shall each bear their own costs and attorney's fees incurred in this action.

8.      Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1.      **"Asset"** and **"Assets"** mean any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.      **"Assisting Others"** includes, but is not limited to:

        A. performing customer service functions, including, but not limited to, receiving or responding to consumer complaints;

B.  formulating or providing, or arranging for the formulation or provision of, caller identification management services;

C.  formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

D.  formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

E.  providing names of, or assisting in the identification of, actual or potential customers;

F.  performing marketing, billing, or payment services of any kind; and/or

G.  acting or serving as an owner, officer, director, manager, or principal of any entity.

3.  "**Caller identification management services**" means a service relating to:

A.      the procurement of telephone numbers for sellers or telemarketers;

B.      the procurement of caller identification services for sellers or telemarketers; or

C.      the receipt of or demand for payments arising from the use of caller identification services by sellers or telemarketers.

4.      **"Caller identification service"** means a service that allows a telephone subscriber to have the telephone number, and, where available, name of the calling party transmitted contemporaneously with the telephone call, and displayed on a device in or connected to the subscriber's telephone.

5.      **"Charitable contribution"** means any donation or gift of money or any other thing of value.

6.      **"Defendant"** means Defendant Joseph Turpel, an individual, and any fictitious business entities or business names, created or used by him, including, without limitation, Sonkie, Sonkie One, Global Telephone Broadcasting LLC, and Telco Compliance Management.

7.      **"Person"** means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

8.      **"Representatives"** means Defendant Joseph Turpel and his successors, assigns, officers, agents, servants, employees, attorneys and those

1  persons in active concert or participation with any of them who receive actual

2  notice of this Order by personal service or otherwise.

3      9.    **"Seller"** means any person who, in connection with a telemarketing

4  transaction, provides, offers to provide, or arranges for others to provide goods or

5  services to the customer in exchange for consideration whether or not such person

6  is under the jurisdiction of the Commission.

7      10.    **"Telemarketer"** means any person who, in connection with

8  telemarketing, initiates or receives telephone calls to or from a customer or donor.

9      11.    **"Telemarketing"** means a plan, program, or campaign, whether or

10  not covered by the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, that is

11  conducted to induce the purchase of goods or services, or a charitable

12  contribution, by use of one or more telephones.

13                          **<u>ORDER</u>**

14              **I. PERMANENT BAN ON ROBOCALLS**

15      **IT IS THEREFORE ORDERED** that Defendant, whether acting directly

16  or through any person, trust, corporation, partnership, limited liability company,

17  subsidiary, division, or other device, is permanently restrained and enjoined from

18  initiating, causing others to initiate, or assisting other persons initiating, any

19  telephone call that delivers a prerecorded message, also known as a "robocall."

20

21

## II.  PERMANENT BAN ON TELEMARKETING

**IT IS FURTHER ORDERED** that Defendant, whether acting directly or through any person, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, is hereby permanently restrained and enjoined from telemarketing, and from assisting others engaged in telemarketing.

## III.  CIVIL PENALTY

**IT IS FURTHER ORDERED** that:

A.      Judgment in the amount of Three Hundred Ninety-Five Thousand Dollars ($395,000.00) is hereby entered against Defendant as a civil penalty, pursuant to Section 5(m)(1)(A) of the Federal Trade Commission Act, 15 U.S.C. § 45(m)(1)(A), provided, however, that payment of the foregoing civil penalty is suspended subject to the conditions set forth in subsection B of this Section.

B.      Plaintiff's and the Commission's agreement to this Order is expressly premised upon the truthfulness, accuracy and completeness of Defendant's sworn financial statements and supporting documents submitted to the Commission, namely an initial financial disclosure form dated January 24, 2013, and a revised financial disclosure form dated January 28, 2013, both signed under penalty of perjury; and the "Declaration of Joseph Turpel Pursuant to 28 U.S.C. § 1746 Re Financial Disclosures," signed under penalties of perjury on April 12, 2013.  The exhibits to those disclosures were:

1.     Schools First Federal Credit Union loan summaries for loans with concluding digits 94, 98, and 99, all printed to PDF format January 25, 2013;

2.     Great Lakes account information and six months' payment history for consolidation loan with account number concluding 0007, printed to PDF format January 25, 2013;

3.     Chevron credit card statement for account number concluding 0111, with a statement closing date of January 20, 2013 (page 1 of 6 only);

4.     Discover credit card statement for account number concluding 4603, with a statement closing date of January 2, 2013;

5.     Schools First Federal Credit Union Visa credit card statement for account number concluding 1182, with a statement closing date of January 2, 2013, printed to PDF format January 25, 2013;

6.     Ocwen Loan Servicing loan information and verification of mortgage account for account concluding 6089, printed to PDF format January 25, 2013;

7.     Schools First Federal Credit Union loan summaries for loan with concluding digit 88, printed to PDF format January 25, 2013;

8.     Ocwen Loan Servicing account statement for account concluding 6089, dated January 14, 2013;

9.     U.S. Individual Income Tax Returns, Forms 1040, for 2009, 2010, and 2011, for Defendant and spouse, with Defendant's SSN concluding 6859;

10.     Orange County Fictitious Business Name Statement identifying "Telco Compliance Management" as a fictitious business name registered to Joseph Francis Turpel, filed May 23, 2012;

11.     Zillow website "Zestimate" of value of Defendant and spouse's residence (page 3 only, printed to PDF format January 28, 2013);

12.     Email from Defendant's tax preparer Jack Gendreau to Defendant, dated February 7, 2013; and

13.     Corrected Schedule B for Defendant and spouse's 2011 federal income tax return.

These sworn financial statements and their exhibits include material information upon which Plaintiff and the Commission relied in negotiating and agreeing to this Order.  If, upon motion by Plaintiff, this Court finds that Defendant's financial statements and his exhibits failed to disclose any material asset or materially misstated the value of any asset, or made any other material misstatement or omission, the Court shall lift the suspension of the judgment and require payment of civil penalties in the full amount of the judgment ($395,000.00):  provided, however, that in all other respects this Order shall remain in full force and effect, unless otherwise ordered by the Court.  Proceedings instituted under this Paragraph are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Plaintiff may initiate to enforce this Order.

C.     Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any such assets.

D.     Defendant agrees that the facts as alleged in the complaint filed in this action shall be taken as true, without further proof, in any subsequent civil litigation filed by or on behalf of the Commission to enforce its rights to any payment or money judgment pursuant to this Order.

E.      Defendant agrees that the judgment represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, therefore is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

F.      Defendant acknowledges that his Taxpayer Identification Numbers and Social Security Numbers may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## IV.  COOPERATION WITH PLAINTIFF AND COMMISSION COUNSEL

**IT IS FURTHER ORDERED** that Defendant shall, in connection with this action or any subsequent investigations related to, or associated with, the transactions or the occurrences that are the subject of the Complaint, cooperate in good faith with Plaintiff or the Commission and appear, or cause his officers, employees, representatives, or agents to appear, at such places and times as Plaintiff or the Commission shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by Plaintiff or the Commission.  If requested in writing by Plaintiff or the Commission, Defendant shall appear, or cause his officers, employees, representatives, or agents to appear, and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the

Complaint, without the service of a subpoena.  Defendant shall be eligible for reimbursement of reasonable travel expenses to the extent prescribed by law in 28 U.S.C. § 1821.

## V.  ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant obtain acknowledgments of receipt of this Order:

A.     Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For five years after entry of this Order, Defendant for any business that he is the majority owner or directly or indirectly controls, must deliver a copy of this Order  to:  (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

# VI.  COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant make timely submissions to the Commission:

A.     One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury, as follows.

      1.     Defendant must:  (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

      2.     Additionally, Defendant must:  (a) identify all of his telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all

1   business activities, including any business for which  he

2   performs services, whether as an employee or otherwise and

3   any entity in which he has any ownership interest; and (c)

4   describe in detail  his involvement in each such business,

5   including his title, role, responsibilities, participation,

6   authority, control, and any ownership.

7   B.   For 12 years following entry of this Order, Defendant must submit a

8   compliance notice, sworn under penalty of perjury, within 14 days of any change

9   in the following:

10   1.   Defendant must report any change in:  (a) any designated point

11   of contact; or (b) the structure of any entity that Defendant has

12   any ownership interest in or directly or indirectly controls,

13   where such change may affect compliance obligations arising

14   under this Order, including:  creation, merger, sale, or

15   dissolution of the entity or any subsidiary, parent, or affiliate

16   that engages in any acts or practices subject to this Order.

17   2.   Additionally, Defendant must report any change in:  (a) his

18   name, including aliases or fictitious name, or residence

19   address; or (b) title or role in any business activity, including

20   any business for which Defendant performs services, whether

21

Stipulated Final Judgment and Order for Permanent Injunction
as to Defendant Joseph Turpel - 14

1                                                                                        as an employee or otherwise, and any entity in which

2  Defendant has any ownership interest, and identify its name,

3  physical address, and Internet address, if any.

4      C.    Defendant must submit to the Commission notice of the filing of any

5  bankruptcy petition, insolvency proceeding, or any similar proceeding by or

6  against him within 14 days of its filing.

7      D.    Any submission to the Commission required by this Order to be

8  sworn under penalty of perjury must be true and accurate and comply with 28

9  U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under

10  the laws of the United States of America that the foregoing is true and correct.

11  Executed on:_____" and supplying the date, signatory's full name, title (if

12  applicable), and signature.

13      E.    Unless otherwise directed by a Commission representative in writing,

14  all submissions to the Commission pursuant to this Order must be emailed to

15  DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

16  Associate Director for Enforcement, Bureau of Consumer Protection, Federal

17  Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The

18  subject line must begin:  U.S. v. Turpel (X120005).

19

20

21

# VII. RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant must create certain records for 12 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendant, for any business in which he is a majority owner or directly or indirectly controls, must create and maintain the following records:

A.    Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.    Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.    All records necessary to demonstrate full compliance with each provision of this Order, including all communications with and submissions to the Commission; and

E.    A copy of each advertisement or other marketing material.

## VIII.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant's compliance with this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that Defendant, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Rule 26(c), subject to the procedural requirements of Local Rules 37-1, 37-2, 37-3, and 37-4 (C.D. Cal. 2013), as amended.

B.      For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Defendant.  Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

1       C.     The Commission and Plaintiff may use all other lawful means,

2   including by having representatives pose as consumers, suppliers, or other

3   individuals or entities, to Defendant or any individual or entity affiliated with him,

4   without the necessity of identification or prior notice.  Nothing in this Order limits

5   the Commission's lawful use of compulsory process, pursuant to Sections 9 and

6   20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

7   ## IX.  SEVERABILITY

8   **IT IS FURTHER ORDERED** that the provisions of this Order are

9   separate and severable from one another.  If any provision is stayed or determined

10  to be invalid, the remaining provisions shall remain in full force and effect.

11  ## X.  RETENTION OF JURISDICTION

12  **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of

13  this matter for purposes of construction, modification and enforcement of this

14  Order.

15  //

16  //

17  //

18  //

19  //

20

21

1     **JUDGMENT IS THEREFORE ENTERED** in favor of Plaintiff and against

2 Defendant Joseph Turpel, pursuant to all the terms and conditions recited above.

3     SO ORDERED this <u>15th</u> day of <u>April</u>, 2014.

4

5               _____

6               HON. JESUS G. BERNAL
              UNITED STATES DISTRICT JUDGE

7 WE HEREBY CONSENT TO ENTRY OF THE ABOVE STIPULATED FINAL
JUDGMENT AND ORDER FOR PERMANENT INJUNCTION

8

9                      FOR INDIVIDUAL DEFENDANT:

10 DATED: Jan 29th, 2014

11                     JOSEPH TURPEL

12

13                     SPECIALLY REPRESENTING
                    DEFENDANT JOSEPH TURPEL

14                     FOR PURPOSES OF
                    NEGOTIATION ONLY AND NOT

15                     FOR LITIGATION

16 DATED: 1/29, 2014

17                     Stanton Terry Mathews

18

19

20

21

        Stipulated Final Judgment and Order for Permanent Injunction
               as to Defendant Joseph Turpel - 19

DATED: _1- 17_____, 2014

E. ANTONE ACCUARDI, OSB
974613
2331 S.W. 5th Ave, 2nd Floor
Portland, OR  97201
(503) 223-7747
fax (503) 223-7776


MARITZA B. LEON, State Bar No.
213752
130 W. Route 66 Ste. 222
Glendora, CA  91740
(626) 733-2847
(626) 969-3296

Attorneys for Defendant Joseph
Turpel

1

2

3

4

5

6

7     DATED: *April 11* , 2014

8

9

10

11

12

13

14

15

16

17

18

19

20

21

FOR PLAINTIFF:

STUART F. DELERY
Assistant Attorney General
MAAME EWUSI-MENSAH
FRIMPONG
Deputy Assistant Attorney General
Civil Division
U.S. Department of Justice
MICHAEL S. BLUME, Director
Consumer Protection Branch

*Daniel K. Crane-Hirsh*

DANIEL K. CRANE-HIRSCH
SONDRA L. MILLS, California Bar
DANIEL K. CRANE-HIRSCH
SONDRA L. MILLS, California Bar
No. 90723
Trial Attorneys, Consumer Protection
Branch
U.S. Department of Justice
PO Box 386
Washington, DC  20044-0386
(202) 616-8242 (phone)
(202) 514-8742 (fax)
*daniel.crane-hirsch@usdoj.gov*
*sondra.mills@usdoj.gov*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

**OF COUNSEL:**
C. STEVEN BAKER
Director, Midwest Region
JAMES H. DAVIS
Attorney, Midwest Region
MATTHEW H. WERNZ
Attorney, Midwest Region
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
(312) 960-5634; jdavis@ftc.gov
(312) 960-5596; mwernz@ftc.gov